IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

TOM CROUSE,

    Plaintiff,

v.

CITY OF WORCESTER,

    Defendant.

Case No. 06-30036-MAP

FILING FEE PAID:
RECEIPT # 306201
AMOUNT $ 250.00
BY DPTY CLK ___
DATE 3/7/06

## COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTION AND DAMAGES

Now comes Plaintiff TOM CROUSE, by and through counsel, and for his Verified Complaint against Defendant CITY OF WORCESTER, states as follows:

### INTRODUCTION

1. This is an action for a declaratory judgment, preliminary and permanent injunction, and damages arising from the unconstitutional policies and actions of the City of Worchester, Massachusetts (the "City"). Plaintiff contends that the City's policy and practice of forcing him to pay a fee to the City for the alleged costs to the City of providing police presence, based solely on the City's evaluation of the content and viewpoint of Plaintiff's speech and the anticipated response to that speech by demonstrators who are not associated with Plaintiff, violates his First and Fourteenth Amendment rights.

http://www.mrhetero.com/mrhetero.htm. A true copy of the information describing the Event is attached as **Exhibit A** and made a part hereof.

7. The Event was originally scheduled for early-February of 2006, and was to be held at the Sturbridge Host hotel. However, after receiving pressure from opponents of the Event, Sturbridge Host cancelled its contract with Plaintiff and informed him that he would need to find a new venue for the Event.

8. In December of 2005, Plaintiff secured a new venue for the Event—Mechanic's Hall, located in Worcester, Massachusetts. Mechanic's Hall is a privately-owned event facility.

9. Prior to the Event, it was widely reported by the media and others that individuals and organizations opposed to the Event (and, more particularly, the religious and political message to be conveyed at the Event) were planning to express their opposition to and disagreement with the Event's message by demonstrating in the immediate vicinity of the Event, as well as other locations. One such demonstration planned by opponents of the Event was advertised on the internet, at http://www.iworcester.com/. The internet publication (for several weeks leading up to the Event through the present) stated:

> Hate Has No Home Here.
>
> Freedom of Speech and Religion are the very first of the civil rights enshrined in the Bill of Rights of our United States Constitution.
>
> We continue to believe in and defend those rights for all citizens.
>
> A public event will take place at Mechanics Hall in Worcester this weekend, with an announced content which will mock and denigrate segments of our society under the guise of free speech and religious conviction. Many of us believe and experience such speech as "hate speech".
>
> While we will always stand for the right of citizens to present their words and ideas in any manner or forum they wish, we sometimes find ourselves

in a position where we must also stand in witness against those same words and ideas.

Please bring a candle and join us in peaceful protest from 5:30-6:30 PM, Saturday, February 18, 2006, in front of Mechanics Hall to show the world that hate has no home in Worcester.

10. Prior to the Event, the City, by and through its Mayor Tim Murray, issued a Statement denouncing the Event as unfairly and unjustly targeting a group of people because of their sexual orientation. A true copy of the Mayor's Statement is attached as **Exhibit B** and made a part hereof. The statement is available on the internet (as of March 6, 2006) at http://www.iworcester.com/mayorstatement.html.

11. Likewise, prior to the Event, the City, by and through its Human Rights Commission and City Manager's Task Force on Bias and Hate Crimes Task Force, issued a statement denouncing the Event as hateful and intolerant. A true copy of the HRC Statement is attached as **Exhibit C** and made a part hereof. The statement is available on the internet (as of March 6, 2006), at http://www.iworcester.com/whrc.html.

12. On February 8, 2006, Plaintiff and his agent, Norma Sanderson (the Executive Director of Mechanic's Hall) were summoned to a meeting with the City's Chief of Police. Prior to the meeting, the City Police had informed Ms. Sanderson that, as a result of the anticipated response to the Event by demonstrators, the City planned to have City police officers present at the Event, and that Plaintiff would be responsible for the cost to the City for same, which cost was estimated to be approximately $6,000.

13. At the meeting, the Chief of Police informed Plaintiff that the City was concerned about the anticipated turnout of protestors, and in light of this concern, the City planned to assign as many as twenty police officers (of various ranks) to the Event.

14. On February 18, 2006, the Event took place as scheduled, and several protestors were present in the immediate vicinity of the Event.[1] Approximately 20 City police officers were present at or near the Event.

15. About thirty minutes after the Event started, the protestors paraded down the street away from the Event location, to a church. When the protestors left, many of the City police officers also left.

16. Plaintiff has not yet paid the fee to the City. Rather, the City has indicated that it will invoice him (through his agent, Mechanic's Hall), based on the actual cost to the City for the police to be present in the vicinity of the Event.

17. Plaintiff desires to conduct similar events in the City of Worcester, without having to pay an arbitrary fee for police presence in the vicinity of such events based solely on the City's concerns that the conduct of those who may be opposed to the viewpoint and content of the message conveyed at such events may necessitate police presence.

## THE CITY'S FEE POLICY

18. Section 24 of the Revised Ordinances of the City provides, with emphasis added:

§ 24. Establishment of Fees

Unless specifically provided otherwise by any general or special law or other provision of these Revised Ordinances, whenever any city officer or agency is empowered or authorized to issue a license, permit or certificate, to render a service, or to perform work for a person or a class of persons, such officer or agency may, from time to time, establish reasonable fees for all such licenses, permits and certificates, *and may establish reasonable charges for all such services or work to be performed*; provided, that this section shall apply only where the entire proceeds of any such fees or charges remain with the city; and any fee or charge established under authority of this section shall not take effect until the city officer or agency establishing the fee or charge shall have filed a

---

[1] Indeed, the barricade set up by the City police was longer than the line of protestors. Yet, the City has indicated that it also intends to charge Mr. Crouse for the cost of erecting the barricade.

written notification and schedule of such fees and charges with the city manager and the city clerk.

19. Upon information and belief, in assessing the fee against Plaintiff to cover the costs for police presence in the vicinity of the Event (as described above), the City acted pursuant to and under the authority of Section 24 of the Revised Ordinances. (The City's imposition of fees against Plaintiff for the Event (as described above) and Section 24 of the Revised Ordinances—to the extent it was relied upon by the City in imposing fees against Plaintiff—are collectively referred to herein as the "Policy.")

## COUNT I
## DECLARATORY JUDGMENT
## (28 U.S.C. § 2201, *et seq.*)

20. Plaintiff restates the allegations in Paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff, in promoting and conducting the Event, intended to convey a religious and political message, which message constitutes speech protected by the First Amendment to the United States Constitution, as applicable to the Commonwealth of Massachusetts pursuant to the Fourteenth Amendment to the United States Constitution.

22. The City's Policy, insofar as it imposes a fee on Plaintiff based on the City's evaluation of the anticipated content and viewpoint of Plaintiff's speech and the anticipated response to the content and viewpoint of that speech by demonstrators opposed to it, violates Plaintiff's rights to the freedom of speech and the equal protection of the law under the First and Fourteenth Amendments to the United States Constitution.

23. The City's Policy, both on its face and as-applied to Plaintiff, insofar as it requires Plaintiff to pay the costs for police presence and lacks adequate procedural safeguards,

constitutes an unconstitutional prior restraint on Plaintiff's speech in violation of his First Amendment right to the freedom of speech and of the press.

24. The City's Policy, both on its face and as applied to Plaintiff, is unconstitutionally vague in that it neither defines sufficiently the standards the City utilizes to assess fees for police presence at speech events, nor does it protect against the arbitrary and discriminatory imposition of those fees upon the exercise of speech at such events, thereby constituting and authorizing the exercise of unbridled discretion by the City, in violation of Plaintiff's right to the freedom of speech as guaranteed by the First Amendment and the right to due process as guaranteed by the Fourteenth Amendment.

25. The City's Policy is unconstitutionally overbroad on its face and has a substantial chilling effect on the free speech rights of Plaintiff and others not before the Court.

26. In order to prevent further violation of Plaintiff's constitutional rights by the City, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring the City's policy to be unconstitutional.

27. Furthermore, pursuant to 28 U.S.C. § 2202, it is appropriate and hereby requested that this Court issue a preliminary and permanent injunction enjoining the City and all of its agents and employees from further interfering with Plaintiff's speech and imposing a fee for police presence in the vicinity of future events held by Plaintiff, and that this Court award damages to Plaintiff as a result of the City's violation of his constitutional rights.

## COUNT II
## VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
## (42 U.S.C. § 1983)

28. Plaintiff restates the allegations in Paragraphs 1 through 27 as if fully rewritten herein.

29. All acts alleged herein of the City, and its members, officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color and pretense of state law, including the enactment, implementation and/or enforcement of the Policy.

30. The City's Policy forcing Plaintiff to pay a fee for police presence in the vicinity of the Event based on the City's evaluation, prior to the Event, of the anticipated content and viewpoint of Plaintiff's speech and the anticipated response to that speech by demonstrators who opposed the Event's message, constitutes a content- and viewpoint-based restriction unjustified by a compelling government interest.

31. The City's assessment of a fee against Plaintiff based on the content and viewpoint of his speech has violated, and continues to violate, Plaintiff's right to the freedom of speech under the First Amendment.

32. The City's Policy, both on its face and as-applied to Plaintiff, is unconstitutionally vague, in violation of Plaintiff's First and Fourteenth Amendment rights.

33. The City's policy, insofar as it requires Plaintiff to pay a fee for police presence in the vicinity of the Event without adequate procedural safeguards to protect against the City's exercise of unbridled discretion, constitutes a prior restraint on Plaintiff's speech in violation of the First and Fourteenth Amendments to the United States Constitution.

34. The City's Policy, both on its face and as-applied to Plaintiff, is arbitrary and unreasonable and devoid of objective standards to guide the City in its evaluation of whether to assess costs and the amount of those costs for police presence at speech events, in violation of Plaintiff's rights to the freedom of speech, of the press, and due process under the First and Fourteenth Amendment to the United States Constitution, respectively.

35. As a direct and proximate result of the foregoing violations of Plaintiff's First and Fourteenth Amendment rights, Plaintiff has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

36. Furthermore, as a direct legal consequence of the City's violation of Plaintiff's First and Fourteenth Amendment rights, as alleged above, Plaintiff has suffered and is entitled to recover damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant and that this Court:

A. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declarations shall have the force and effect of final judgment and that the Court retain jurisdiction of this matter for the purpose of enforcing the Court's Orders;

B. Pursuant to 28 U.S.C. §2201, declare that the City's policy as described herein violates the First and Fourteenth Amendments to the United States Constitution;

C. Pursuant to 28 U.S.C. §2202, Fed. R.Civ. P. 65, and 42 U.S.C. §1983, preliminarily and permanently enjoin the City from enforcing its unconstitutional policy against Plaintiff and award damages to Plaintiff in an amount to be determined at trial;

D. Pursuant to 42 U.S.C. §1988 and other applicable law, award Plaintiff his costs and expenses incurred in bringing this action, including his reasonable attorney fees; and

E. Grant such other and further relief as the Court deems equitable, just and proper.

Tom Crouse, by his attorneys,

*/s/ Harold O. Beede*

Harold Owen Beede
(MA Bar No. 560316)
HEALEY, DESHAIES, GAGLIARDI & WOELFEL, P.C.
24 Market Street
Amesbury, Massachusetts 01913
Telephone: (978) 388-1787
Facsimile: (978) 388-9727
Email: hbeede@hdgpc.com

Jeffrey A. Shafer*
(OH Bar No. 0067802)
ALLIANCE DEFENSE FUND
801 G Street, N.W., Ste. 509
Washington, D.C. 20001
Telephone: (202) 637-4610
Facsimile: (202) 347-3622
Email: jshafer@telladf.org

Benjamin W. Bull*
(AZ Bar No. 009940)
Delia Van Loenen*
(MA Bar No. 664233)
ALLIANCE DEFENSE FUND
15333 N. Scottsdale Road, Ste. 165
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile (480) 444-0028
Email: bbull@telladf.org
       dvanloenen@telladf.org

David R. Langdon*
(OH Bar No. 0067046)
Joshua B. Bolinger*
(OH Bar No. 0079594)
LANGDON & HARTMAN LLC
11175 Reading Road, Ste. 104
Cincinnati, Ohio 45241
Telephone: (513) 733-1038
Facsimile: (513) 577-7383
Email: dlangdon@langdonlaw.com
       jbolinger@langdonlaw.com

* pending admission *pro hac vice*

DATE: March 6, 2006