UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TOM CROUSE,<br>　　　　Plaintiff<br><br>v.<br><br>CITY OF WORCESTER,<br>　　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>**)**<br>)<br>)<br>) | **CIVIL ACTION NO. 06-30036** |

## ANSWER

Now comes Defendant city of Worcester and in response to Plaintiff's complaint respectfully pleads the following as its answers and affirmative defenses:

### INTRODUCTION

1. Defendant answers that paragraph one of the Complaint states legal conclusions and does not contain allegations of fact which can be admitted or denied.

### PARTIES

2. Admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. Defendant admits that the court has subject matter jurisdiction over this type of case but denies that the court has subject matter jurisdiction over this case because the Plaintiff has failed to state a claim upon which relief can be granted.

5. Admitted.

### THE EVENT

6. Defendant admits that Plaintiff was the organizer of an event entitled "Mr. Heterosexual 2006 – A celebration of God's design" ("Event"); that the Event was described on the internet at http://www.mrhetero.com/mrhetero.htm; and, that copy of information describing the Event was attached to the Complaint as Exhibit A. Defendant lacks sufficient information to form a

belief as to the truth of the allegation "Plaintiff's purpose in holding the Event was to proclaim and celebrate God's design for man as heterosexual."

7. Defendant admits that it has information that the Event was originally planned for the Sturbridge Host Hotel and Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph seven of the Complaint.

8. Admitted.

9. Defendant admits that, prior to the Event, it had knowledge from the media and other sources that individuals and organizations were planning demonstrations, both in opposition and in support, in the immediate vicinity of the Event. Defendant further admits that it had knowledge that one such demonstration was planned as a peaceful candlelight protest. Defendant denies that it has any authority or control over the content posted on the internet site identified in paragraph nine of the Complaint.

10. Defendant admits, prior to the Event, the individual holding the elected positions of City Councilor-at-Large and Mayor, Tim Murray, issued the statement attached to the Complaint as Exhibit B. Defendant denies that it has any authority or control over the content posted on the internet site identified in paragraph ten of the Complaint.

11. Defendant admits, prior to the Event, its Human Rights Commission issued the statement attached to the Complaint as Exhibit C. Defendant denies that it has any authority or control over the content posted on the internet site identified in paragraph eleven of the Complaint.

12. Defendant denies that it ever attempted to hold the Plaintiff responsible for the cost of police officers involved in the Event. Defendant admits that, on February 8, 2006, its Chief of Police convened a meeting with Norma Sanderson, the Executive Director of Mechanics Hall, the venue for the Event ("Mechanics Hall"), and the Plaintiff. Defendant further answers that at that meeting Mechanics Hall, in the presence of the Plaintiff, agreed to retain 13 police officers to provide security for the Event at a cost of $2,310.84. Such security involved officers inside the Mechanics Hall and at the doorways to Mechanics Hall to assist in screening of attendees as they entered the Event venue. Defendant further answers that the Plaintiff, in his closing

remarks to the audience at the Event, thanked the police officers for maintaining security at the Event. Defendant denies the remaining allegations of paragraph twelve of the Complaint.

13. Defendant admits that its Chief of Police informed Plaintiff that the City was concerned about the anticipated protests and Defendant further answers that the Plaintiff and Mechanics Hall expressed their concerns about security for Event attendees and the possibility that the Event might be disrupted by individuals infiltrating the Event. Defendant denies the remaining allegations of paragraph thirteen of the Complaint.

14. Defendant admits that the Event took place as scheduled and that protestors were present in the immediate vicinity of the Event. Defendant admits that it deployed, at its expense, some number of police officers for the Event in addition to the 13 officers retained by Mechanics Hall for the Event. Defendant denies the remaining allegations of paragraph fourteen of the Complaint.

15. Defendant admits that, as the number of protestors left the vicinity of the Event, the additional police officers deployed by the Defendant at its expense also left the vicinity of the Event and Defendant further answers that the 13 police officers retained by Mechanics Hall for the Event remained at Mechanics Hall for the duration of the Event.

16. Defendant denies that Plaintiff owes it any amount in connection with the Event or that it has any intention of ever invoicing the Plaintiff for the cost of police presence at the Event. Defendant further answers that it has received payment of $2,310.84 from Mechanics Hall and that such amount was compensation for the 13 police officers Mechanics Hall agreed to retain for Event security.

17. Defendant denies that Plaintiff has been or will be charged any arbitrary fee for police presence based solely on concerns that the conduct of those who may be opposed to the viewpoint and content of the message conveyed at such events may necessitate police presence.

THE CITY'S FEE POLICY

18. Defendant answers that paragraph eighteen of the Complaint contains no allegations of fact which may be admitted or denied. Defendant further answers that the city ordinance quoted

at length in paragraph eighteen of the Complaint is not the policy upon which the fee for the hiring of police officers by private persons, including Mechanics Hall, is based.

19. Defendant denies the allegations in paragraph nineteen of the Complaint.

COUNT 1
DECLARATORY JUDGMENT
(28 U.S.C. § 2201 *et seq.*)

20. Defendant repeats the answers given in paragraphs one through nineteen of this answer.

21. Defendant admits that Plaintiff's speech, including speech generated by the Event, is protected by the First and Fourteenth Amendments to the U.S. Constitution and denies the remaining allegations of paragraph twenty-one of the Complaint.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

COUNT 11
VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS
(42 U.S.C. § 1983)

28. Defendant repeats the answers given in paragraphs one through twenty-seven of this answer.

29. Defendant admits that all of the actions of its officers and employees were done under the color of law and denies the remaining allegations of paragraph twenty-nine of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state any claims upon which relief can be granted.

2. Plaintiff's claims are barred for lack of standing.

3. Plaintiff's claim is barred by the fact that the Defendant never charged, nor does it ever intend to charge, the Plaintiff for the police officers present at the Event.

4. The Plaintiff has failed to join a party, namely Mechanics Hall, as the Plaintiff had privity of contract solely with Mechanics Hall and not the Defendant.

5. Plaintiff's action is barred by the fact that Mechanics Hall hired the 13 police officers to provide security for the Event and the fact that Mechanics Hall has paid that bill in full.

6. Plaintiff's claim is barred by the fact that the Defendant never exercised any governmental authority over him in connection with police presence at the Event.

7. Defendant at all times acted in the public interest of promoting and protecting public safety and good order in accordance with existing laws and its policies and practices.

8. Defendant has not violated any of the Plaintiff's First or Fourteenth Amendment rights.

WHEREFORE, Plaintiff's Complaint should be dismissed with costs and reasonable attorneys fees awarded to the Defendant.

    City of Worcester,

    By Its Attorneys,

    __/s/ *David M. Moore*____
    David M. Moore (BBO #352580)
    City Solicitor
    Janet J. McGuiggan (BBO #630013)
    Assistant City Solicitor
    City Hall, Room 301
    455 Main Street
    Worcester, Massachusetts 01608
    Telephone: (508) 799-1161

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 8th day of June, 2006, I served Defendant's Answer and Affirmative Defenses upon Plaintiffs via electronic filing through the ECF system, and by mailing a copy of the same to David R. Langdon, Langdon & Hartman LLC, 11175 Reading Place, Ste. 104, Cincinnati, OH 45241.

    __/s/ *David M. Moore*____
    David M. Moore